Page 1 of 3

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.  Case Nos.: 4:18cr22/MW/HTC
 4:20cv519/MW/HTC

JEFFREY MICHEL,
    Defendant.

---

# REPORT AND RECOMMENDATION

Defendant Jeffrey Michel filed an Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence[1] in January of 2021. ECF Doc. 226. That motion and the Government's response in opposition (ECF Doc. 237) remain pending. Michel was released from custody on April 14, 2022. ECF Doc. 251. He has not filed a notice of change of address with the Court.

Often post-conviction challenges are mooted, in whole or in part, by a defendant's release from custody, or other circumstances lead to a former inmate's abandonment of his claims. Therefore, on June 7, 2022, the undersigned entered an order directing Michel to file a Notice to the Court affirmatively indicating his intent with respect to his pending motion. ECF Doc. 254. Michel was advised that if he

---

[1] The motion was filed on Michel's behalf by another inmate. *See* ECF Doc. 226 at 13, 14. In response to this Court's order, Michel affirmed that he wished to adopt and be bound by inmate Frank Pate's submission. ECF Docs. 229, 232

intended to prosecute this action, he would need to show cause why the motion was not mooted by his release. *Id.* He was also directed to file a motion to dismiss his § 2255 motion if he no longer intends to pursue collateral relief. *Id.*

On June 21, 2022, the Court's order was returned as undeliverable. The Court did not take immediate action, instead waiting for the deadline for Defendant's response to elapse in the event Defendant was monitoring the Court's docket. No response has been filed.

A trial court has inherent power to dismiss a case *sua sponte* for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626 (1962). Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order, typically upon motion of the defendant. *Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989) (citing cases). Rule 41.1 of the Local Rules of the Northern District of Florida also authorizes the court to impose sanctions, up to and including dismissal, for failure to comply with a rule or court order. Thus, because Defendant did not comply with this Court's order, his motion should be dismissed without prejudice. Also, through the Court's June 7 Order, as well as this report and recommendation, Plaintiff had fair and adequate notice and an opportunity to respond prior to dismissal. *See Paez v. Sec'y of Fla. Dep't of Corr.*, 947 F.3d 649, 654 (11th Cir. 2020) (holding sua sponte dismissal of habeas petition based on

Case Nos.: 4:18cr22/MW/HTC; 4:20cv519/MW/HTC

timeliness grounds was not erroneous where petitioner was provided notice and an opportunity to explain why the petition was timely in response to a magistrate judge's report and recommendation).  Based on the foregoing, it is respectfully **RECOMMENDED**:

Michel's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence, ECF Doc. 226, be dismissed without prejudice for failure to prosecute and comply with an order of the court.

At Pensacola, Florida this 14th day of July, 2022.

s/ *Hope Thai Cannon*
Hope Thai Cannon
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case Nos.: 4:18cr22/MW/HTC; 4:20cv519/MW/HTC